HARDY, Judge.
This is an action for damages sustained by plaintiff’s automobile in a collision with defendant’s car and in which defendant reconvened for damages against' plaintiff. After trial by the City Court of the City of Shreveport there was judgment rejecting plaintiff’s demands and further judgment rejecting the reconventional demand. Plaintiff has appealed and (defendant has answered the appeal.
The accident occurred at or near the hour of 8:30 P.M. on March 18, 1952, in the 6400 block of Southern Avenue, one of the main right-of-way traffic arteries of the City of Shreveport. Plaintiff, driving his 1950 Mercury Coupe north on said street at a speed of approximately forty miles per hour, collided with the right side of defendant’s 1947 Pontiac sedan, which was allegedly stopped, with the front end of the vehicle headed east, in a private driveway.
The only eyewitnesses to the accident are the respective parties litigant, plaintiff and defendant, whose versions of the incident are completely opposed. Plaintiff claims that he was driving at a reasonable rate of speed, although it is conceded that the legal speed on Southern Avenue is thirty-five miles per hour, when defendant, who was driving south and approaching plaintiff’s car, suddenly and without warning made a sharp left-hand turn to the east; that at the time he was within a distance of some twenty-five or thirty feet of defendant’s automobile; that he applied his brakes and turned to the left but was una'ble to avoid the accident.
Defendant testified that he was driving south on Southern Avenue; that he made a left-hand turn to the east into a private ■driveway for the purpose of turning his car around and reversing the direction of his travel; that at the time there was no nbrthbound traffic approaching; that he began to back out into the street, perceived the approach of plaintiff’s car at a distance of some 300 feet and immediately brought his vehicle to a stop to await ■ plaintiff’s passage, and that plaintiff, without attempting to avoid the danger, rammed into the right rear of his motionless car.
The only other testimony bearing upon the physical circumstances attendant upon the collision was given by a police officer who investigated the accident and who testified as to the location and nature of the damage to the .two cars and further that the skidmarks of plaintiff’s automobile measured twenty-seven feet. The position of the defendant’s car after the accident indicated that the front end had been turned toward the south by the impact. The officer further testified that the point of impact was at a' distance thirteen feet west of the east curb line of the street. Additionally the witness stated that plaintiff had admitted to drinking two bottles of beer a short time 'before the accident-but that he did not appear to be 'intoxicated.
On the basis of the testimony of these witnesses we are convinced that both plaintiff and defendant have failed to establish their claims by anything approaching a preponderance of the evidence, under which circumstances the judgment is obviously correct.
It is clear that both parties were guilty of acts of negligence which caused and contributed to the accident, no matter which version should be accepted. Plaintiff was traveling at a speed in excess of the legal limit and was not keeping a careful lookout. Defendant was guilty either of making a left turn into a private driveway or of backing out of said drive in the path of plaintiff’s approaching car. These circumstantial acts of negligence concurred in effecting the collision.
Nor do we think defendant has established any facts which would bring into application the doctrine of last clear chance.
The judgment is affirmed at appellant’s cost.